Judge Owslev
delivered the opinion of the court.
This is an appeal from a judgment rendered in favor of Skyles, upon a demurrer to evidence in an action of ejectment, brought by her to recover a lot of ground in the town of Shepherdsville.
In deducing title, she introduced a deed, purporting to have been given by commissioners appointed by a decree of a court of chancery; but as the commissioners appear to have been appointed at the time of pronouncing the decree, it is contended their deed cannot have, passed the {j(Je.
Although the defendant in chancery appears to have made defence to the suit, it would, certainly have been irregular, without having given him an opportunity to per-£*orm t])e decree, to direct the commissioners at the time of making it, to convey the land, but as by the order appointing the commissioners, a day is given the defendant to com-Pty *'16 decree, before they are authorised to act, no reason is perceived against the propriety of making the appointment when the decree was pronounced,
The plaintiff in the court below having shewn a regular chain of title up to Michael Troutman, Frederick Penne-baker, Benjamin Stansbury and John Essery, but without *369 introducing any evidence of the title being in them at the time of their conveyance, it is contended, that although their deed purports to have been signed by them as trustees of the town, judgment should have been rendered in favor of the defendant in that court, upon the demurrer to the evidence.
Private a£,ts °re to tired by the court with-thenf163'1"18'
To have authorised the judgment in favor of Skyles, the title should, no doubt, have appeared tobe in those persons signing their names as trustees when the deed was executed, but as a majority of those persons appear, from the act establishing Shepherdsville, to have been appointed trustees of that town, it follows, that if the act should have been noticed by the court without being specially introduced in evidence, the judgment was regularly entered in favor of the title being in Skyles.
Considering the act establishing the town as of a private, and not of a public character, there is no doubt, according to the English law, where private statutes are not promulgated with the same notoriety as those of a public character^ but that it should have been specially proven.
But in this country where the same cefemony is observed in promulgating both species of laws, and especially as by an act of the legislature of this state, private acts are not now required to be specially pleaded, we apprehend the court was bound to take notice of the act establishing Shep-herdsville.
The judgment must therefore be affirmed with cost,